*Decisions will be entered under Rule 50.*

WILLIAM B. TURNER, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4374–68.   Filed April 8, 1971.

William B. Turner, pro se.
*Marvin A. Fein,* for the respondent.

DAWSON, *Judge:* Respondent determined a deficiency in the petitioner's Federal income tax for the taxable year 1966 in the amount of $946.08. In addition, the pleadings were deemed amended to conform with evidence submitted at trial which would result in an increased deficiency if we hold in favor of the respondent on all issues.

The issues presented for decision are (1) whether the petitioner, a temporary corporate employee, is entitled to deduct automobile expenses in traveling to work and home again as ordinary and necessary business expenses, and (2) whether a travel allowance received by the petitioner is includable in his gross income.

### FINDINGS OF FACT

The evidence in the instant case consists of testimony and exhibits received at trial.

William B. Turner (herein called petitioner) resided in Brooklyn, New York, at the time he filed his petition in this case. Petitioner filed his Federal income tax return for the year 1966 on a calendar year basis with the district director of internal revenue, New York, N.Y.

During 1966, the petitioner resided in Brooklyn, New York, and was employed as a consultant engineer. He obtained employment in the manner described below.

The petitioner was registered with Lehigh Design Co. (Lehigh), Bronx, New York, a "job shop" that supplied personnel to companies that held Government contracts. Through Lehigh, the petitioner was sent to the Kollsman Instrument Corp. (Kollsman Instrument) in Syosset, N.Y.

He reported to work at the Kollsman Instrument plant in Syosset and worked under the direction and control of Kollsman Instrument from June 1965 through September 1966. The petitioner testified that during that 16-month period he "was assigned to do different engineering * * * on various government contracts."

The petitioner was also registered with another "job shop," Volt Technical Services (Volt), New York, N.Y. The payroll manager of Volt testified that Volt supplied employees to companies for a specific project or Government contract. Through Volt, the petitioner was sent to Norden Division of United Aircraft Corp. (Norden Division) in Norwalk, Conn.

He reported to work at the Norden Division plant in Norwalk and worked under the direction and control of the Norden Division from October 1966 through May 1967. The petitioner began this 8-month period of employment under a purchase order for his services that provided that the Norden Division agreed to purchase his services at a straight time rate of $12.10 per hour for a 40-hour week and overtime rate of $16.98 per hour, total cost not to exceed $9,500. The $9,500 limitation was reached at some point early in 1967 at which time this purchase order was apparently replaced with another of similar terms. In any event, the petitioner worked under a new agreement until May 8, 1967.

In addition to a stated hourly rate for the petitioner's services, the purchase order entered into between the Norden Division and Volt provided that the petitioner was to receive a travel allowance of 75 cents per hour for the first 8 hours in any 1 day for a maximum of 40 hours per week, i.e., $30 per week. For the period from October through December 1966 the petitioner's travel allowance totaled $330.

When the petitioner took the job at the Norden Division, he did not know how long he would be employed, although he knew that it was not a permanent job. During the period in which the petitioner worked for both Kollsman Instrument and the Norden Division, he never had more than a 6-month employment commitment.

The petitioner only visited the offices of Lehigh and Volt at the beginning of his period of employment in Syosset and Norwalk. The

petitioner received his pay checks from Lehigh and Volt but otherwise had no contact other than some telephone calls from those "job shops." New York City income taxes were withheld from the petitioner's pay by both Lehigh and Volt.

The petitioner could have obtained employment by going directly to Kollsman Instrument or the Norden Division but chose to go through Lehigh and Volt so as to obtain a higher salary than was available under direct employment. Although they had to pay the petitioner a higher salary, Kollsman Instrument and Norden Division were willing to employ the petitioner through the job shops, as they did not have to provide him with any fringe benefits.

The petitioner drove his automobile on the average of 6 days a week to and from his residence to either Syosset or Norwalk. Using a commonly traveled route, the one-way distance from the petitioner's resi-, dence to the Kollsman Instrument plant in Syosset was 36 miles and to the Norden Division plant in Norwalk was 60 miles. Total mileage driven by the petitioner in 1966 between his residence and the Kollsman Instrument and Norden Division plants equaled 16,800 and 8,640 miles, respectively.

In his return for 1966, the petitioner claimed total transportation expenses of $2,963.40. This claimed deduction resulted from the petitioner's conclusion that he traveled 30,240 miles between his residence and the Kollsman Instrument and Norden Division plants and that he was entitled under the respondent's administrative rules to a deduction of 10 cents per mile for the first 15,000 miles ($1,500) and 7.5 cents per mile for the balance (incorrectly computed as $1,305). The additional $158.40 of the claimed $2,963.40 represented claimed road and bridge tolls. The petitioner failed to include the $330 travel allowance he received during 1966 in his gross income.

OPINION

The petitioner is a temporary worker. A consultant engineer by trade, he prefers a series of short-term jobs to more permanent employment. During 1966 he worked for the Kollsman Instrument Corp. in Syosset, N.Y., and for the Norden Division of United Aircraft Corp. in Norwalk, Conn. Both of these corporations had Government contracts which necessitated the use of temporary workers such as the petitioner.

Defense contractors and other businesses of seasonal or cyclical nature commonly use temporary help at times of peak business activity. "Job shops" like Volt Technical Services and Lehigh Design Co., with whom petitioner was registered, are in the business of supplying temporary personnel. In the instant case petitioner was nominally

the employee of the job shops, which in turn sold his services to the client corporations. This arrangement provides personnel flexibility to the client company, since it need not go through normal hiring and firing procedures. Also, it need not incur costly fringe benefits applying to permanent employees. The temporary employee often receives higher take-home pay than a permanent employee, in part because of demand and in part because he shares in the savings in fringe benefit costs. A series of temporary jobs may also provide a means of finding agreeable permanent employment.

Temporary employment would become even more attractive to employees if, as petitioner requests, we were to allow him to deduct the cost of his daily travel from home to work and return.

Petitioner's primary argument is that during 1966 he was employed by the two job shops, which were located in New York City. He contends that since he was assigned temporarily to client companies outside the New York City area, his costs of getting to work and back home should be deductible. He relies on Rev. Rul. 60–147, 1960–1 C.B. 682; I.R.S. Pub. No. 463, Travel, Entertainment and Gift Expenses, p. 8 (October 1970). His alternative argument is that since he was a temporary employee, his residence in Brooklyn was his "tax home," and that the 72-mile round trip to Syosset and the 120-mile round trip to Norwalk were trips away from home. See *Hollie T. Dean*, 54 T.C. 663, 667 (1970).

Until the decision of the U.S. Supreme Court in *United States* v. *Correll*, 389 U.S. 299 (1967), courts generally had paid scant attention to the distinction between travel expenses deductible under section 162(a)(2) and transportation expenses deductible under the general provisions of section 162(a). Compare *Joseph M. Winn*, 32 T.C. 220 (1959), which discusses "away from home" under section 162(a)(2), with *William L. Heuer*, 32 T.C. 947 (1959), which appears to allow a deduction under section 162(a), but which is often cited in cases considering section 162(a)(2).

With our decision in *Joseph M. Winn*, *supra*, respondent had ceased litigating the overnight rule with respect to transportation expenses under section 162(a)(2). See Rev. Rul. 60–147, 1960–1 C.B. 682. The ruling states that it "considers the decision erroneous to the extent that it allows an employee to deduct transportation expenses on one-day round trips as expenses of travel 'while away from home.' " It added, however, that "The same problem does not arise under present law because section 62(2)(C) * * * now allows an employee to deduct business transportation expenses in computing adjusted gross income." The Internal Revenue Service ruled that the expenses of 1-day trips, if deductible, were deductible under section 162(a) rather than under section 162(a)(2).

In enacting sections 62(2)(C) and (D), Congress distinguished between expenses of "travel away from home" and "transportation expenses." Sec. 62(2)(B) and (C). It extended to employees the privilege of deducting transportation expenses, not involving overnight trips, in computing adjusted gross income. (Prior law had required that these be treated as below-the-line deductions.) S. Rept. No. 1622, to accompany H.R. 8300 (P.L. No. 591), 83d Cong., 2d Sess., p. 9 (1954). Section 1.62-1(g), Income Tax Regs., also distinguished between travel expenses and transportation expenses:

Sec. 1.62-1(g). Transportation expenses paid or incurred by an employee in connection with performance by him of services for his employer are deductible from gross income under part VI in computing adjusted gross income. "Transportation", as used in section 62(2)(C), is a narrower concept than "travel", as used in section 62(2)(B), and does not include meals and lodging. The term "transportation expense" includes only the cost of transporting the employee from one place to another in the course of his employment, while he is not away from home in a travel status. Thus, transportation costs may include cab fares, bus fares, and the like, and also a pro rata share of the employee's expenses of operating his automobile, including gas, oil, and depreciation. All transportation expenses must be allowable expenses under part VI (section 161 and following), subchapter B, Chapter 1 of the Code, as ordinary and necessary expenses incurred during the taxable year in carrying on a trade or business as an employee. *Transportation expenses do not include the cost of commuting to and from work; this cost constitutes a personal, living, or family expense and is not deductible.* (See section 262.) [Emphasis supplied.]

In the *Correll* case the Supreme Court approved respondent's position. It upheld the overnight rule under section 162(a)(2), saying travel "away from home" is that which requires "sleep or rest." 389 U.S. at 446. Although *Correll* involved deductions for meals and lodging, the overnight rule applies to all "travel expenses * * * while away from home" under section 162(a)(2), including transportation. *Harold Gilberg*, 55 T.C. 611 (1971); *Joseph J. Bunevith*, 52 T.C. 837 (1969); see *United States* v. *Tauferner*, 407 F. 2d 243 (C.A. 10, 1969).

The import of the foregoing is this: First, the overnight rule raises a requirement for section 162(a)(2) which is not present in section 162(a). Transportation expenses need not be "away from home" to be deductible under section 162(a). Thus, location of the taxpayer's tax home does not suffice to distinguish transportation expenses under section 162(a) from commuting expenses. Second, the concepts of "temporary" or "indefinite" employment, which bear upon the issue under section 162(a)(2) of whether it is reasonable for a taxpayer to move his residence near to his employment, are of little or no value in distinguishing transportation expenses from commuting expenses. *Steinhort* v. *Commissioner* 335 F. 2d 496, 504, fn. 24 (C.A. 5, 1964). Finally, the cases holding that 1-day trips constitute "travel away from home" were nullified by the *Correll* decision.

Turning now to petitioner's arguments, we note that since petitioner was not away overnight, his expenses are not deductible under section 162(a)(2). The cases cited in Rev. Rul. 60–147, *supra*, are all cases where the taxpayer was held to be away from home. However, as we mentioned earlier, the ruling suggests that the expenses may have been properly deductible under section 162(a). In each case, the taxpayer incurred additional expense in traveling from or beyond his principal place of business for business purposes. The results are consistent with similar cases allowing transportation expenses under section 162(a). Compare *William Tiffin Downs*, 49 T.C. 533 (1968); *Clarence J. Sapp*, 36 T.C. 852 (1961); *William J. Heuer*, *supra;* *R. C. Musser*, 3 B.T.A. 498 (1926); cf. *Julian D. Freedman*, 35 T.C. 1179, 1182 (1961).

The flaw in petitioner's primary argument is that the job shops were not his principal places of business. Petitioner was an employee of the job shops in form only; in substance he worked for the client contractors. He did not report to the job shops for work; he rarely, if ever, visited them. Each day he drove from home to his duties at Kollsman Instrument and, later, Norden Division. The function of the job shop was that of an employment agency. Compare *Willard I. Thompson*, 15 T.C. 609 (1950).

Petitioner's second argument is that because he was only temporarily employed, his tax home was his residence. See *Hollie T. Dean*, *supra* at 667. We noted earlier that the concepts of "temporary" or "indefinite" employment bear on the issue of whether it is reasonable for a taxpayer to move his residence, or whether he may incur double living expenses away from home under section 162(a)(2). Unlike *Hollie Dean*, this petitioner was not "away from home," and therefore his expenses are only deductible under section 162(a). The *Dean* case is inapposite here because that opinion did not consider the expenses of daily travel from his residence to the jobsites. The costs of commuting are nondeductible, personal expenses. Sec. 1.162–2(e) and sec. 1.262–1(b)(5), Income Tax Regs. The *temporary* nature of this petitioner's job cannot serve to convert commuting expenses into ordinary and necessary business expenses.[1]

We think petitioner is simply a commuter. He traveled from his residence to his principal (indeed only) place of duty and returned

---

[1] The illogic and unfairness of differentiating between *temporary* and *permanent* employment with respect to commuting expenses can be illustrated by this example: Suppose the petitioner's next door neighbor, Mr. Smith, is a *permanent* employee of the Norden Division of United Aircraft Corp. who also works in Norwalk. Petitioner and Mr. Smith drive to work together, each using his automobile on alternate days. Would it make sense to allow petitioner a deduction for his commuting expenses and deny a deduction to Mr. Smith because petitioner is a *temporary* employee and Mr. Smith is a *permanent* employee? Certainly not.

each night. He made the trip regularly. In our view regular "travel between the petitioner's residence and points of assignment and return should be treated as nondeductible commuting expenses." *William L. Heuer*, *supra* at 953. Commuting is commuting, regardless of the nature of the work engaged in, the distance traveled, or the mode of transportation used. Our path herein was carefully charted in *United States* v. *Tauferner*, *supra* at 246, where the Court of Appeals said:

The basic and unmodified fact of whether the taxpayer is going to the place where he begins work or is returning from the place where he ceases work should be determinative. Such travels are expenses within section 262 as "personal, living or family expenses" whether in an urban, suburban, or rural setting. They are not ordinary business expenses under section 162(a). * * *

See also the recent decision in *Sanders* v. *Commissioner*, 439 F.2d 296 (C.A. 9, 1971).

The petitioner received $330 as a travel allowance in 1966. He did not report this sum as gross income. There is no indication that this sum was to reimburse the petitioner for expenses for which he accounted to his employer and thus properly omitted from his income tax return. See sec. 1.162–17(b)(1), Income Tax Regs. The $330 must be included in the petitioner's gross income for 1966. Sec. 61; *Leo C. Cockrell*, 38 T.C. 470 (1962), affd. 321 F. 2d 504 (C.A. 8, 1963).

Reviewed by the Court.

*Decision will be entered under Rule 50.*

QUEALY, *J.*, dissenting: I disagree with the majority for two reasons. First, I do not believe that this Court as a matter of policy should override a position taken by the respondent which favors the taxpayer when it is not required to do so by the statute. Second, and more importantly, I do not believe that this Court can impose on a taxpayer a greater burden than to disapprove the respondent's deficiency determination. See *Baird* v. *Commissioner*, 438 F. 2d 490 (C.A. 3, 1970).

In his notice of deficiency, the respondent explained in the following terms his reasons for disallowing the claimed transportation expense deduction of $2,963.40:

When your job at a new location is expected to last for an indefinite period and you cannot determine approximately when it will end, that location becomes your "tax home." The cost of nonbusiness travel, meals and lodging while at your tax home is not a deductible expense.

* * * Cost of commuting between your residence and any business location within the area of your principal place of employment is not deductible.

Counsel for the respondent in his opening statement at the trial indicated that the Court's determination of whether the expenses in

issue were deductible transportation expenses or nondeductible commuting expenses depended on whether:

[the petitioner's] employment in Norwalk and in Syosset is temporary, indefinite, or permanent. If found to be indefinite or permanent, no expenses at all can be taken, no matter what we determine the type of travel to be. If we determine that it is temporary, a deduction can only then be allowed if he travelled outside of his general home area to the place of employment.

It was the respondent's view on brief that as the petitioner was not temporarily employed his traveling was not for business reasons but was merely for his convenience and thus personal, nondeductible commuting expenses.

A decision limited to the issues as presented by counsel for the respondent would result in my view in a holding for the petitioner with respect to his expenses of traveling to and from Norwalk.

During the year in issue, the petitioner did not have more than a 6-month employment commitment from either Kollsman Instrument or the Norden Division. The petitioner refused regular employment with the fringe benefits attending such employment in favor of the higher salary available to employees who were willing to limit their period of employment to the term of a specific project or until a dollar limit was reached. The petitioner's employment at both Kollsman Instrument and the Norden Division obviously was temporary. Cf. *Emil J. Michaels*, 53 T.C. 269 (1969).

Although I find the second issue more difficult of solution, due primarily to the fact that the parties did not attempt to precisely delineate the general work area which would be embraced within the New York market, it is my opinion that the petitioner's trips to Norwalk involved traveling outside of the general home area of employment in the petitioner's type of work. The petitioner's employer, the Norden Division, recognized that Norwalk was not within that area as they paid the petitioner a travel allowance. In addition, it is clearly not normal or customary for a temporary employee to travel from the New York metropolitan area to Norwalk, Conn.

The responsibility for the administration of the tax laws has been delegated to the respondent. It has been his long-standing position that the determination of the deductibility of traveling expenses incurred in circumstances such as those presented by the instant case should turn on (1) whether the taxpayer's employment was temporary and (2) whether that employment was located outside of the general home area of his employment.[1] It is clear that other taxpayers

---

[1] This position is illustrated by Rev. Rul. 190, 1953-2 C.B. 303. That ruling involved construction workers who lived and ordinarily worked at their trade on local construction jobs within the metropolitan area of a certain city. These workers had to travel some 18 miles to work at the construction site of a military facility. It was held that the workers could deduct their unreimbursed expenses for daily transportation as an ordinary and necessary expense incurred in carrying on their trade.

have benefited from this position.[2] Under such circumstances, I do not believe this Court should override a position that favors the taxpayer when it is not required to do so by the statute.

It is not, however, for that reason alone that I have refused to join the majority. In holding simply that the expenses were nothing but commuting costs, the majority avoided the issues as framed by the respondent and contested by the petitioner. In so doing, they have incorrectly imposed on the petitioner a greater burden than to disapprove the respondent's deficiency determination. See *Baird* v. *Commissioner, supra.*

---

[2] This position is only one of many that the respondent has taken in this area without specific statutory support. For example, in Rev. Rul. 54–497, 1954–2 C.B. 75, the costs of weekend trips home during a period of temporary employment away from home were held to be deductible to the extent they did not exceed either (1) otherwise deductible costs of meals and lodging had the employee remained at his post of duty on such off-duty periods, or (2) the reasonable and necessary expenses he would have incurred in traveling between such temporary place of employment and his regular post of duty.