Eli F. McGimsey and Elma F. McGimsey v. commissioner.
McGimsey v. Commissioner
Docket No. 2047-70 "SC".
United States Tax Court
T.C. Memo 1971-124; 1971 Tax Ct. Memo LEXIS 211; 30 T.C.M. (CCH) 521; T.C.M. (RIA) 71124; May 27, 1971, Filed. *211 Taxpayer husband, a construction worker, worked for the same employer over a period of years on different jobs at various locations in several states. He continued to maintain his home in Colorado Springs, Colorado, where he had formerly worked but where he was unable to obtain regular or steady employment. Petitioners not only owned their own residence there but also a small rooming-apartment house from which they derived rental income. Respondent disallowed deductions claimed for away from home traveling expenses in 1967 and 1968 and travel expenses in 1968 connected with the management and maintenance of the petitioners' rental property. Held, taxpayer husband's tax home was Colorado Springs and to the extent of substantiation he is entitled to deduct away from home traveling expenses in 1967 and 1968. Petitioners are also entitled to deduct some disallowed traveling expenses connected with their rental operation. Leo K. O'Brien, Exchange Nat'l Bank Bldg; Colorado Springs, Colo., for the petitioner. David E. Gaston, for the respondent. HOYT
Memorandum Findings of Fact and Opinion HOYT, Judge: Respondent determined deficiencies for 1967 and 1968 in petitioners' Federal income tax in the respective amounts of $260.46 and $486.97. The issues for decision are whether certain transportation, meals and lodging expenditures allegedly incurred by petitioner Eli F. McGimsey are deductible as business expenses incurred "while away from home" under section 162 (a)(2), I.R.C. 1954, and whether alleged travel expense incurred in connection with petitioners' rental property has been substantiated to an extent greater than the amount allowed by respondent. Findings of *213 Fact Some of the facts have been stipulated by the parties; they are found accordingly and the stipulations, with exhibits attached, are incorporated herein by this reference. Petitioners, husband and wife, are longtime residents of Colorado Springs, Colorado, where they resided when the petition herein was filed. Eli F. McGimsey will hereinafter sometimes be referred to as petitioner. They filed their 1967 and 1968 Federal income tax returns with the district director of internal revenue at Denver, Colorado. Petitioner is a carpenter by trade and worked in the Colorado Springs area for many years. His mother local union was located there and he paid annual dues to that union, obtaining monthly permits to work in other areas throughout the country. Because of a shortage of regular and steady jobs in the Colorado Springs area, petitioner accepted employment with the Eby Construction Company of Wichita, Kansas, at various construction job sites in different localities. He began working for Eby in 1960. During the period January 5, 1964 522 to October 6, 1968, he worked at the following locations for Eby during the specified periods: Period
Location
1- 5-64 to 5- 1-64 (4 months)
Seligman, Arizona
5- 7-64 to 6- 7-64 (1 month)
Hayden, Colorado
6- 8-64 to 2-13-66 (20 months)
Boulder, Colorado
2-14-66 to 3-26-67 (13 months)
Pine Bluff, Arkansas
4- 2-67 to 7-16-67 (3 months)
Boone, Iowa
7-18-67 to 10- 6-68 (15 months)
Ames, Iowa
*214 Petitioner returned home to Colorado Springs early in October of 1968 and from October 20, 1968 to November 4, 1968, he was employed by Hensel-Phelps Construction Company on a job site at Trinidad, Colorado. From November 11, 1968 to February 15, 1969, except for the week beginning December 28, 1968, petitioner worked for W. H. Baker, Inc., at Colorado Springs. He then went back to work for Eby Construction again and was employed on a job at Pueblo, Colorado, for approximately six months. Subsequently Eby assigned him to a job at Iowa City where he still worked at time of trial in October of 1970. During the years of petitioner's employment with Eby Construction Company, Elma would accompany him to each new location to help move his clothing, tools and equipment and to locate a room, efficiency apartment or other living accommodations. When she got her husband settled near the job site she would return to their home in Colorado Springs where she continued to live. She managed the rental property there and handled petitioners' financial affairs. Petitioners' bank account was maintained in Colorado Springs. Petitioners acquired their rental property in August of 1948 and had also *215 owned their own home in Colorado Springs for more than 20 years. From time to time if Eli's jobs lasted for longer than originally planned or anticipated, Elma would make trips to visit her husband. It was expected that the various job assignments in question would be of short duration, lasting from about three to nine months. During his 44 years of experience as a carpenter petitioner never worked on any construction projects which lasted as long as those listed in the table set forth above at Boulder, Pine Bluff and Ames. When it developed that petitioner's assignment to a particular job site would be extended beyond the anticipated duration of that employment, Elma would take additional seasonal clothing and equipment to her husband on her next visit to see him, if he had not originally taken such items along with him. In April of 1968, after petitioner had been in Iowa for about one year, Elma made arrangements to rent the rooming-apartment house in Colorado Springs to one tenant and to have a friend, who had stayed with her before, occupy petitioners' residence there; the friend occupied the home rentfree and petitioners continued to pay all expenses, including utilities. *216 Elma then joined her husband in Iowa and, with occasional trips back and forth to Colorado Springs thereafter in 1968 as hereinafter mentioned, stayed in Iowa until October 6 of that year, a period of approximately seven months. However, during that period petitioners experienced considerable difficulty in collecting the rent from the man who had taken over the rental and management of their apartment house in Colorado Springs. Elma made at least two trips back to Colorado to attend to the rental business difficulties in this period, a distance of approximately 1,446 miles for the round trip. Finally in November of 1968, following their return to Colorado Springs, petitioners regained possession of the apartment, after suing their tenant because of his failure to pay the rent. The tenant subsequently went bankrupt. During the first three months of 1967 while petitioner was working at Pine Bluff, Arkansas, he paid room rent of $65 per month. During his stay at Boone, Iowa, petitioner paid $55 per month rent for a small apartment. He continued to live in Boone after his employment ended there and during the time he was employed at Ames, approximately 15 miles away. When Elma left *217 Colorado Springs in April of 1967 to join petitioner in Boone, they moved to another apartment in Boone but paid the same rent to the same landlord, $55 to Neva H. Murdock. 523 In their income tax return for 1967 petitioners claimed deductions for out of town travel as follows: Arkansas (3 months)
1/4 year X 11,320 miles X.10/mile
$ 283.00
Room 65.00 month X 3 months 195.00
Total Arkansas
$ 478.00
Iowa (9 months)
On the road expense
26.88
3/4 year X 11,320 miles X.10/mile
849.00
Room 55.00 month X 9 months 495.00
Total Iowa
$1,370.88
Total Federal
$1,848.88
In their income tax return for 1968, petitioners claimed deductions for out of town travel as follows: Iowa
Travel 723 miles X.10/mile
$ 72.30
Board and Room 7.00 Da. X 281 Da.
1,967.00
Trinidad
Travel 260 miles X.10 mile
26.00
Board and Room 7.00 Da. X 21 Da. 147.00
Out of Town Travel
$2,212.30
In his notice of deficiency respondent disallowed all of petitioner's Iowa travel expenses for 1967, $1,370.88, and all of his Iowa travel expenses for 1968, $2,039.30. He did not disallow the three months travel expenses claimed by petitioner for 1967 in Arkansas *218 nor the three weeks travel expenses claimed for 1968 in Trinidad, Colorado. By amendment to petition, petitioners claimed an overpayment because they had neglected to claim deduction for cost of meals in 1967 while Eli was away from home, in both Arkansas and Iowa. In his brief respondent makes the following concession with reference to this issue: In view of the evidence as presented at trial, respondent here concedes that petitioners would be entitled to an additional deduction in the total amount of $2,154.00 for 1967 (January 1 to March 26 being 85 days and April 2 to December 31 being 274 days (Stip. par. 2) for a total of 359 days at $6.00 per day) for meal expenses, in the event that the Court here determines that such expenditures were incurred by petitioner Eli F. McGimsey while he was away from home in pursuit of his trade or business within the meaning of Section 162(a)(2), Internal Revenue Code of 1954. After Elma went to Iowa in April of 1968, she obtained a part-time job as a waitress at a local hotel. Between April and October, 1968, she earned a total of $544.27 for this job and received tips of $108.75 all of which petitioners reported on *219 their 1968 return. Respondent made no adjustments with respect to these items of income in his statutory notice. However, he did disallow a portion of $578.40 claimed on petitioners' 1968 return for four round trips made from Iowa to Colorado Springs in that period. These trips were claimed on the income from rents schedule as "travel 5784 miles X 10/mi." Respondent allowed the expense of one round trip of 1,446 miles, $144.60, in his notice of deficiency, and disallowed the balance of the expense claimed. It was necessary that Elma make two round trips from Iowa to Colorado Springs in connection with the operation, maintenance and management of petitioners' rental property and in this connection she traveled 2,892 miles. There is no issue that the proper rate of expense for such travel is 10 cents per mile, the amount claimed by petitioners. Petitioner was temporarily away from home in the pursuit of his trade of carpentering in 1967 and 1968 when he worked for Eby Construction Company at Boone and Ames, Iowa. Opinion This is another case involving the often litigated issue of away from home traveling expenses, deductible under section 162(a)(2) or nondeductible under section 262, Internal Revenue Code *220 of 1954. [1]Section 162(a) provides, in pertinent part, that all ordinary and necessary expenses, including traveling expenses paid or incurred (including amounts expended for meals and lodging) while away from home in pursuit of a trade, are deductible. It has been long established that where a taxpayer's employment is temporary he is permitted to deduct unreimbursed travel expenses which are reasonable and necessary and directly connected with his employment, even though such expenses would be personal living expenses if incurred at home. Emil J. Michaels, 53 T.C. 269 (1969). This is an engrafted exception to the general rule that unreimbursed travel expenses are deductible only when they are required by the exigencies of the business. Peurifoy v. Commissioner, 358 U.S. 59 (1958) at page 60. The respondent has recognized 524 the validity of the temporary employment exception. Rev. Rul. 60-189, 1960-1 C.B. 60. If a taxpayer's stay at a new post of business is to be temporary, it is not reasonable to *221 expect him to move his residence. Beatrice H. Albert, 13 T.C. 129, 131 (1949). Here petitioner could not find steady or regular employment in his trade of being a skilled carpenter in the Colorado Springs area where he had lived and worked for many years. In 1960 he accepted work with a Wichita, Kansas construction company having far flung contracts, with the hope and expectation that by traveling around from job site to job site he could maintain steady employment. This in fact occurred, but petitioner was faced with a peripatetic pattern of life. From 1964 to 1967, the first year in issue, he had jobs at four different locations in three states at widely separated geographical points. In 1967 and 1968, the years before us, he worked at Pine Bluff, Arkansas for three months, Boone, Iowa for three months, Ames, Iowa for 15 months, Trinidad, Colorado for two weeks and Colorado Springs, Colorado for seven weeks. When he accepted the various job assignments he expected that they would be of fairly short duration and at no time did he anticipate that a job would last longer than nine months. During all of the time from 1960 to date of trial petitioner continued to maintain *222 his home and permanent ties, both with his labor union and with his bank, in Colorado Springs; his wife continued to reside there in the family home and to look after their joint income-producing rental property. He returned home from time to time whenever it was possible for him to do so. The only time Elma was away from their permanent home was when she visited petitioner for brief periods, and finally in 1968 for seven months, from April to November, during which time she arranged to have someone manage the Colorado Springs rooming house and a friend occupy the residence there, rent free. Petitioners at all times continued to bear all expenses of maintaining their home in Colorado Springs. We conclude and hold that all of petitioner's employments in the years before use were of temporary duration and that none of them ripened into indefinite or indeterminate employments. Under such circumstances petitioner's home in Colorado Springs remained his home for tax purposes. Hollie T. Dean, 54 T.C. 663 (1970). The expenses for petitioner's meals and lodging in Iowa in 1967 in the amounts of $2,154 and $495, claimed by petitioners, should have been allowed as away from home *223 traveling expenses under section 162(a)(2). Likewise, similar expenses for 1968 in the combined total amount of $1,967 should have been allowed as a deduction in 1968. This case is indistinguishable from Hollie T. Dean, supra, which allowed similar deductions to a construction worker under a similar factual situation. We, however, must reach a contrary conclusion with respect to petitioner's travel expenses in Iowa claimed for on the road expense and mileage for 1967. In 1967 he claimed on the road expense of $26.88 and mileage travel for three-fourths of 11,320 miles at 10 cents per mile, $849. There is nothing in the record to establish the nature of this road or travel expense. Apparently the amount for mileage was calculated and claimed by taking total mileage driven for 1967, 11,320 miles and attributing one-fourth thereof to Arkansas where petitioner spent three months and three-fourths thereof to Iowa where he spent nine months. Respondent did not disallow the Arkansas expenses. However, it does not appear from the record that petitioner traveled in connection with his employment, either in Iowa or from Colorado to Iowa, or elsewhere, at any time in 1967. He did *224 go back and forth 30 miles per day between Boone and Ames from July 18, 1967 until the end of the year, but such travel was nothing more than commuting expense between his temporary home in Boone and his job in Ames. Such expenses are personal and nondeductible under section 262. See William B. Turner, 56 T.C. 27 (April 8, 1971). It is possible that petitioner incurred expenses for travel between Pine Bluff and Iowa in 1967 when he left one temporary job to go to another, but the record does not even permit an estimate as to the fact or extent of such travel. Petitioners have failed to carry their burden of proving that they are entitled to any additional deduction for mileage traveled in 1967 or on the road expense in that year. Respondent's disallowance of those deductions for that year in the total amount of $875.88 must be sustained. As to mileage traveled in 1968, 723 miles at 10 cents, $72.30, petitioner has carried *** kim yeun hee 525 his burden of proof. He left Iowa to return to Colorado Springs when his employment at Ames was terminated in October, and he returned to work in Colorado. The mileage represents the distance between Iowa and Colorado Springs *225 and the expense should have been allowed to return home from his place of temporary employment. Finally we hold that under our findings with respect to Elma's trips to Colorado Springs in 1968 to attend to business affairs in connection with petitioners' apartmentrooming house, petitioners are entitled to an additional deduction of $144.60 for a second trip. [2] Respondent allowed that amount for one trip and we are convinced that she made at least two such trips. While there is conflicting evidence before us as to these trips and the business nature of. and necessity therefor, we have found that two such trips were made. Petitioner's somewhat vague and indefinite testimony, without any supporting evidence whatever, will not support a further allowance for such travel. *226 To reflect the necessary and required adjustments, Decision will be entered under Rule 50. Footnotes
1. All statutory references hereinafter made are to the Internal Revenue Code of 1954, as amended, unless otherwise specified.↩
2. Petitioners claimed 5,784 miles for these trips at 10 cents per mile which represented four round trips of 1,446 miles each. Respondent allowed the expense for one round trip. At trial petitioners testified there were several such trips, "three to four - five, something like that", and "four trips, I believe." Petitioner indicated that he had records about these trips but that he did not have them with him, and Elma indicated she kept no records of the dates or times of these trips.↩