D. L. Crowson v. Commissioner.
Crowson v. Commissioner
Docket No. 5291-70 SC.
United States Tax Court
T.C. Memo 1971-223; 1971 Tax Ct. Memo LEXIS 113; 30 T.C.M. (CCH) 953; T.C.M. (RIA) 71223; August 31, 1971, Filed. Bruce A. McArdle, 403 Wheelis St., Westmonroe, La., for the respondent. TIETJENS
Memorandum Opinion TIETJENS, Judge: The Commissioner determined a deficiency in petitioner's income tax for 1963 in the amount of $96.28. The issue before us is whether expenses incurred by petitioner in connection with travel between his residence and various places of employment are deductible under section 162, I.R.C. 1954, as travel or transportation expenses. All of the facts have been stipulated and the case has been submitted under Rule 30, Tax Court Rules of Practice. Briefly summarized, the facts are as follows: Petitioner, D. L. Crowson, maintained his *114 legal residence in west Monroe, Louisiana at the time the petition herein was filed. He filed his 1963 Federal income tax return with the district director of internal revenue in New Orleans, Louisiana. Petitioner is an oilfield worker. His residence during all pertinent times herein was 403 Wheelis St., West Monroe, Louisiana. During 1963 he held five jobs as an oilfield worker. From January 1 through April 6, he was employed by Jet Drilling Company, Inc. (Jet) at a drilling site near Grayson, Louisiana. Grayson was 32 miles from petitioner's residence. From June 25 through August 18, petitioner was employed by Jet at a site near Arcadia, Louisiana, 42 miles from his residence. 954 From August 20 through September 11, petitioner was employed by Wheless Drilling Company at a site near Chatham, Louisiana, some 36 miles from his residence. From October 3 through October 12, petitioner was employed by Barnwell Drilling Co., Inc. (Barnwell) at a site near Waverly, Louisiana. Waverly is 52 miles from petitioner's residence. From October 13 through December 31, Barnwell employed petitioner at a site near Eros, Louisiana. This site was 18 miles from petitioner's residence. Petitioner *115 claimed as a business deduction for 1963, $481.37. This amount, which represents 75 percent of the amounts expended by petitioner for the operation of ($348.73) and repairs to ($132.64) his automobile, constitutes his expenses in connection with travel to and from the various job sites at which he was employed during 1963. The Commissioner denied the deduction, explaining that the amounts were personal commuting expenses. We must decide if the claimed amount constitutes an allowable travel deduction. Although petitioner did not file a brief herein, we are able to discern the thrust of his argument, i.e., his employment at any particular job site was temporary in nature and hence he should be allowed the deduction on the temporary versus indefinite period of employment concept. See William B. Turner, 56 T.C. 27 (1971). There it was stated that temporary and indefinite relate to the issue of whether it is reasonable for a taxpayer to move his residence near to his employment. The concepts are of little concern in distinguishing transportation from commuting expenses. William B. Turner, supra; sec. 1.62-1 (g), Income Tax Regs. Our concern herein, is whether *116 the expenses of daily trips between petitioner's residence and the places of his employment are deductible. Such expenses are commuting expenses, those necessary, but yet personal expenses required for an employee to reach his job. It matters not, in this instance, that the various jobs are temporary in duration, since the expenses involved are only those which enable petitioner to reach his place of employment. The situation would be no different if petitioner could have availed himself of some form of public transportation; the fares involved in that form of travel would likewise be nondeductible as a commuting expense. "Commuting is commuting, regardless of the nature of the work engaged in, the distance traveled, or the mode of transportation used." William B. Turner, supra at 33. Decision will be entered for the respondent.