MIHALY and GISELA M. BACSMAI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bacsmai v. Commissioner
Docket No. 13838-80.
United States Tax Court
T.C. Memo 1981-450; 1981 Tax Ct. Memo LEXIS 295; 42 T.C.M. (CCH) 816; T.C.M. (RIA) 81450; August 24, 1981. *295 Held, petitioner's transportation expenses are not deductible under section 162(a), I.R.C. 1954. Mihaly Bacsmai, pro se. Karen A. Perez, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a deficiency of $ 416 in petitioners' 1977 Federal income tax. After concessions, the sole issue for decision is whether transportation expenses incurred by petitioner Mihaly Bacsmai with respect to his employment are deductible under section 162(a). [1]
*296 FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Mihaly and Gisela M. Bacsmai resided in Colorado Springs, Colorado, at the time they filed their petition in this case. Mihaly Bacsmai (hereinafter petitioner) was a Non-Commissioned Officer in the United States Army during 1974 through 1977. In 1975, petitioner received orders to work in Frankfurt, Germany, which was 20 miles from his home and previous job in Hanau, Germany. Petitioner expected his job in Frankfurt to continue for a substantial period of time and such job lasted for 20 months. Petitioner continued to live in his home in Hanau and every morning he drove to his worksite in Frankfurt. Petitioner's job in Frankfurt required him to determine the supply needs of some brigades and occasionally petitioner made field trips to determine such needs. Petitioner never filed a voucher to obtain reimbursement for his field trip expenses, nor has he ever received any such reimbursement. On his 1977 Federal income tax return, petitioner claimed deductions for transportation expenses totaling $ 1,067, consisting of $ 904 for transportation from Hanau to Frankfurt and $ 163 for transportation *297 on field trips. In his notice of deficiency, respondent disallowed these deductions. OPINION Petitioner argues that the expenses he incurred on his daily transportation to work were deductible. Respondent's position is that petitioner is unable to deduct such expenses if the job to which he commuted does not qualify as temporary. Thus, our decision in Turner v. Commissioner, 56 T.C. 27 (1971), vacated and remanded on respondent's motion by an unpublished order (2d Cir., Mar. 21, 1972) has no bearing in this case. Temporary employment means "the sort of employment in which termination within a short period could be foreseen." Albert v. Commissioner, 13 T.C. 129, 131 (1949). See also Norwood v. Commissioner, 66 T.C. 467, 470 (1976); McCallister v. Commissioner, 70 T.C. 505, 509 (1978). Since petitioner expected his employment in Frankfurt to last for a substantial period of time we are unable to classify such employment as temporary. We view petitioner's daily transportation expenses as nondeductible commuting expenses. See Norwood v. Commissioner, supra; McCallister v. Commissioner, supra; *298 sec. 1.162-2(e), Income Tax Regs.; sec. 262. Petitioner also claims that the transportation expenses he incurred when making field trips to the brigades were deductible under section 162(a). We uphold respondent's disallowance of such deduction because petitioner has not established that the expenses were "necessary" within the meaning of section 162(a). Petitioner has the burden of proving that the determination in respondent's notice of deficiency is incorrect. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
This Court has held that business expenses are not necessary when an employee incurs such expenses and is entitled to be reimbursed for them, but fails to make a claim for reimbursement from his employer. Podems v. Commissioner, 24 T.C. 21 (1955). Petitioner did not establish whether he was entitled to reimbursement from the United States Army for his field trip expenses. Furthermore, he never filed a claim seeking reimbursement from his employer. Consequently, we hold that petitioner's field trip expenses were not necessary. To reflect the foregoing, Decision will be entered *299 for the respondent. Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩