CHRISTOPHER M. TRZECIAK and JANICE A. TRZECIAK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Trzeciak v. Commissioner
Docket No. 24127-83.
United States Tax Court
T.C. Memo 1984-370; 1984 Tax Ct. Memo LEXIS 303; 48 T.C.M. (CCH) 543; T.C.M. (RIA) 84370; July 19, 1984. Michael J. Kavanaugh, for the petitioners. Jacqueline M. Hotz, for the respondent. DINAN
MEMORANDUM FINDINGS OF FACT AND OPINION DINAN, Special Trial Judge: This case was assigned to Special Trial Judge Daniel J. Dinan pursuant to the provisions of section 7456(c) and (d), [1] and General Order No. 8, 81 T.C. XXIII *304 (1983). Respondent determined a deficiency of $1,244 in petitioners' 1980 Federal income tax. After concessions by the parties, the sole issue for decision is whether Mr. Trzeciak is entitled to a deduction of $2,939.62 for expenses incurred in traveling between his home and work by private automobile. Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioners resided in Melvindale, Michigan, when they filed the petition in this case. Christopher Trzeciak (petitioner) is an electrician and a member of a union local in Detroit, Michigan. He worked in the Detroit metropolitan area when work was available. However, in February 1980, because of a shortage of work in the immediate area, petitioner was sent by his union to work for the Bechtel Power Corporation on the Monroe Nuclear Power Plant (Monroe Plant) in Monroe, Michigan. Petitioner worked at the Monroe Plant from February 19, 1980 until December 23, 1980, when he voluntarily quit *305 the job to take new employment closer to his residence. Petitioner traveled daily to and from his personal residence in Melvindale, a Detroit suburb, to Monroe, about 39 miles away. On his 1980 return, he deducted $2,939.62 for transportation expenses while working at the Monroe Plant. Respondent disallowed the entire deduction. Petitioner contends that his employment in Monroe was temporary and, thus, that he is entitled to deduct the expenses of daily round-trip transportation between his residence and the Monroe Plant. In McCallister v. Commissioner,70 T.C. 505 (1978), we said, at page 508: Although we have held that automobile expenses in commuting between the taxpayer's residence and even a temporary jobsite outside a taxpayer's normal area of employment are not deductible (see Turner v. Commissioner,56 T.C. 27 (1971) (reviewed by the Court), vacated and remanded on respondent's motion by an unpublished order (2d Cir., Mar. 21, 1972)), respondent again has chosen not to so frame the issue. See also Norwood v. Commissioner,66 T.C. 467 (1976). Counsel for respondent in his opening statement at trial conceded that if *306 we determine petitioner's employment at Cheshire, Ohio, was temporary rather than indefinite, petitioner's transportation expenses are deductible as ordinary and necessary business expenses under section 162(a). Under the circumstances, we need inquire as to what provision in the law petitioner relies on for the deduction. Compare Kroll v. Commissioner,49 T.C. 557 (1968) (temporary-indefinite rule used to test whether taxpayer "away from home" under section 162(a)(2)). [Fn. ref. omitted.] In this case, as in McCallister, respondent again has not chosen to challenge petitioner's deduction of commuting expenses under section 262 but frames the issue as one of "temporary" versus "indefinite" employment while "away from home" under section 162(a)(2). Temporary employment has been defined as that type of employment that can be expected to last only for a short period of time. Mitchell v. Commissioner,74 T.C. 578 (1980); Peurifoy v. Commissioner,358 U.S. 59 (1958). Employment is "indefinite," rather than "temporary" unless its termination is anticipated within a short period of time. Boykin v. Commissioner,T.C. Memo. 1984-297. *307 Whether employment is temporary or indefinite is a question of fact to be determined from all the circumstances. Kroll v. Commissioner,49 T.C. 557 (1968). Beginning in 1973, petitioner worked as an electrician out of Union Local 58, International Brotherhood of Electrical Workers (IBEW), located in Detroit, Michigan. In 1980, there was no work for petitioner out of Local 58 because of poor economic conditions in the Detroit area. On February 29, 1980, petitioner obtained employment out of Union Local 8, IBEW, located in Toledo, Ohio. He began working for the Bachtel Power Corporation at the Monroe powerhouse, Monroe, Michigan. At that time, Bechtel did not indicate how long petitioner would be employed at the Monroe powerhouse. At then end of 1980, petitioner was informed by Union Local 58 in Detroit that they had work for him in Detroit. On December 23, 1980, after having worked eight months for Bechtel, petitioner voluntarily left his employment at the Monroe powerhouse to take employment in Detroit. There is no evidence in this record that petitioner could not have continued to work indefinitely for Bechtel at the Monroe powerhouse after December 23, 1980. *308 Petitioner's termination of his employment at the Monroe powerhouse for his own personal reasons does not cause such employment to be temporary. Camren v. Commissioner,T.C. Memo. 1981-485. We find that petitioner has failed to prove that his employment at the Monroe powerhouse was temporary. New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934). Rule 142(a), Tax Court Rules of Practice and Procedure. Accordingly, his automobile expenses for traveling between his home and the Monroe powerhouse are nondeductible. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for 1980, unless otherwise indicated.↩