FRED BOEHMER AND MARION BOEHMER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Boehmer v. Commissioner
Docket No. 15958-84.
United States Tax Court
T.C. Memo 1986-315; 1986 Tax Ct. Memo LEXIS 289; 51 T.C.M. (CCH) 1559; T.C.M. (RIA) 86315; July 28, 1986. Fred Boehmer, pro se. Elise Frost Alair, for the respondent. CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined a deficiency for the year 1981 in the amount of $1,126.00. The sole issue for decision is whether petitioners are entitled to deduct automobile expenses incurred by Fred Boehmer, petitioner, while traveling daily from his home in Yorktown Heights, New York to his place of work in Danbury, Connecticut. FINDINGS OF FACT Some of the facts *290 have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners resided in Yorktown Heights, New York at the time the petition was filed. Petitioner, Fred Boehmer (hereinafter referred to as petitioner in the singular), was an ironworker by trade, who had worked at numerous job sites over the past approximately 30 years. He was a member of the ironworkers union and looked to the Union Hall in New Haven, Connecticut for assignment to his various jobs. The following chart is a summary of petitioner's employment history during 1975 through 1984: YEAR
EMPLOYER
JOB SITE
DATES
1984
Unable to work
1983
Unable to work
1982
Cupples
Danbury, Conn.
1/4/82-1/15/82
1981
Cupples/Robertson
Danbury, Conn.
1/5/81-12/31/81
1980
G-H Steel
Danbury, Conn.
1/2/80-9/4/80
SPM Construction
Danbury, Conn.
One day in May
H. H. Robertson
Danbury, Conn.
9/5/80-12/31/80
1979
G-H Steel
Danbury, Conn.
1/2/79-3/26/79
G-H Steel
Danbury, Conn.
3/30/79-12/31/79
1978
M. Connors
Westbury, Conn.
1/2/78-4/28/78
Hall Rebar
Danbury, Conn.
5/4/78-5/12/78
R M Steel
Baldgerport, Conn.
6/15/78-6/29/78
Monroe Reinforce
Newtown, Conn.
7/26/78-7/31/78
G-H Steel
Danbury, Conn.
8/1/78-12/30/78
1977
J & L Concrete
New Milford, Conn.
1/3/77-3/30/77
Out of Work
3/30/77-7/20/77
MJC Rebar
West Port, Conn.
7/21/77-12/31/77
1976
Brownall Co.
Danbury, Conn.
7/13/76-11/2/76
J-L Concrete
New Milford, Conn.
12/9/76-12/31/76
Out of Work
1/2/76-7/12/76
1975
EPD Construction
Greenwich, Conn.
11/2/75-7/31/75
Brunalli Construc.
Danbury, Conn.
11/24/75-11/26/75
*291 All of these jobs were located within a radius of approximately 40 miles from petitioner's home. Danbury, Connecticut, where the petitioner worked during the entire year 1981, was approximately 25 miles from petitioner's home. During the year at issue, petitioner drove daily from his home in Yorktown Heights, New York, to his job site in Danbury, Connecticut, and returned home every night. Respondent determined in the notice of deficiency that these automobile expenses were nondeductible personal commuting expenses under section 262. [1]
OPINION Clearly, the expenses in question do not fall under section 162(a)(2) because petitioner was not "away from home" overnight. See United States v. Correll,389 U.S. 299 (1967). Therefore, respondent states that if the expenses are deductible at all they would be deductible under section 162(a) citing Boone v. United States,482 F.2d, 417, 419 n.2 (5th Cir. 1973); Sanders v. Commissioner,439 F.2d 296, 298 (9th Cir. 1971). Section 162(a) permits a deduction *292 for all ordinary and necessary expenses incurred in carrying on any trade or business. As respondent points out, the costs of daily commuting between a taxpayer's home and his place of employment are considered nondeductible personal expenses under section 262. Respondent has made an exception to this rule when the taxpayer's expenses are incurred in travelling between taxpayer's residence and a temporary jobsite outside the taxpayer's normal area of employment. See McCallister v. Commissioner,70 T.C. 505, 508 (1978); Norwood v. Commissioner,66 T.C. 467, 469 (1976). Revenue Ruling 190, 1953-2 C.B. 303. We held that such commuting expenses, even to a temporary jobsite, were not deductible in Turner v. Commissioner,56 T.C. 27 (1971), vacated and remanded on respondent's motion by unpublished order (2d Cir. March 21, 1972). Respondent once again has chosen not to rely on this case. [2] Instead, respondent states that his position is exemplified by Tamargo v. Commissioner,T.C. Memo. 1984-175 where the issue decided was whether the taxpayer's employment was temporary or indefinite.
*293 Petitioner argues that the employment during the year in question was temporary. The only evidence petitioners presented to support their position is petitioner's prior work history. His jobs prior to the one at issue never lasted too long. Prior jobs of short duration, however, are not evidence that the job at issue is temporary. McCallister v. Commissioner,supra at 510. We find it unnecessary to resolve the question of whether petitioner's employment was temporary to indefinite. We do not need to go as far as Turner v. Commissioner,supra, although we view that case with approval. Here, the distances between petitioner's personal residence and places of employment were minimal. Petitioner was employed since 1975 within 40 miles from his home and during the year at issue was 25 miles from his home. Petitioner admitted that his residence was centrally located to his places of employment. Commuting expenses incurred travelling to job sites within the general area of the taxpayer's residence are not deductible. Ellwein v. United States,778 F.2d 506 (8th Cir. 1985). [3] Therefore, we conclude that the automobile expenses *294 constitute personal commuting expenses and are not deductible pursuant to section 262.
Decision will be entered for the respondent.
Footnotes
1. All references to sections are to the Internal Revenue Code of 1954 as amended and in effect during the years in issue.↩
2. Respondent originally adopted the position of Turner v. Commissioner,56 T.C. 27 (1971) in Rev. Rul. 76-453, 1976-2 C.B. 86. Congress, in order to allow more time to consider the issues, passed legislation, P.L. 95-427, 92 Stat. 996 (1978), directing that the deductibility of transportation expenses was to be determined in accordance with the rules in effect prior to Rev. Rul. 76-453↩. After one extension, Pub.L. 96-167, 93 Stat. 1275 (1979), this legislation expired on May 31, 1981, part way through the year at issue.
3. See also Epperson v. Commissioner,T.C. Memo. 1985-382↩.