MERLE JEFFREY RHODES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rhodes v. Commissioner
Docket No. 37399-87.
United States Tax Court
T.C. Memo 1989-84; 1989 Tax Ct. Memo LEXIS 88; 56 T.C.M. (CCH) 1359; T.C.M. (RIA) 89084; February 27, 1989. Merle Jeffrey Rhodes, pro se. Donza M. Poole, for the respondent. COUVILLION
MEMORANDUM FINDINGS OF FACT AND OPINION COUVILLION, Special Trial Judge: This case was assigned *89 pursuant to the provisions of section 7443A(b) of the Internal Revenue Code of 1986. [1]
Respondent determined a deficiency of $ 277 in petitioner's 1983 Federal income tax. [2] The sole issue is whether petitioner may deduct, under section 162(a), transportation expenses in attending Army Reserve meetings and drills after being laid off from petitioner's regular employment. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided at Massillon, Ohio, at the time the petition was filed. During 1983, petitioner was employed as a Mental Health Administrator II by Massillon State Hospital (MSH) in Massillon, Ohio. He had been continuously employed *90 there from approximately February 1972 until January 8, 1983, when he was laid off. The layoff was considered "temporary" due to a lack of work, pursuant to Ohio Administrative Code section 123:1-41. Petitioner appealed the layoff to the State of Ohio, State Personnel Board of Review (Board of Review), contending that MSH had used the wrong procedure in laying him off. On December 15, 1983, the Board of Review affirmed petitioner's layoff. Following the January 1983 layoff, petitioner's only employment for the remainder of 1983 was with a United States Army Reserve (Army Reserve) unit at Parma, Ohio. Petitioner first became affiliated with the Army Reserve on September 9, 1966, and, in 1979, joined the Army Reserve unit at Parma, Ohio. As a member of this unit, petitioner attended drills on three Thursday evenings each month and a meeting on one weekend each month at Parma. To attend the meetings and drills, petitioner drove 57 miles from his residence in Massillon, Ohio, to Parma. He returned to Massillon after each meeting or drill, except on a few rare occasions when he was "snowed in" at Parma. On June 23, 1983, petitioner applied for a full-time, active-duty position *91 with the Army Reserve at Ft. Bragg, North Carolina, and informed the Parma unit that if he was offered the full-time position he would accept it. In September 1983, petitioner was offered the position at Ft. Bragg but, due to Federal funding constraints, the position could not be filled until January 3, 1984. At that point, petitioner notified his Army Reserve unit at Parma that he would terminate his employment with them on December 14, 1983. On his 1983 Federal income tax return, petitioner claimed $ 1,261.98 employee business expenses for travel expenses, including meals and lodging, which he incurred from his home at Massillon, Ohio, to meetings and drills with Army Reserve unit at Parma, Ohio. Respondent disallowed $ 1,238.98 of the amount claimed on the basis that such amount represented personal commuting expenses which were not deductible under section 262. The amount disallowed represented the expenses incurred by petitioner from January 8, 1983, the date of his layoff from MSH, through the remainder of 1983. OPINION Respondent's determinations in the notice of deficiency *92 are presumed correct, and petitioner has the burden of proving otherwise. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Petitioner argues that his tax home was at Massillon throughout 1983 because the official determination that his layoff with MSH was permanent was not made until December 15, 1983, and, during this period, he received $ 13,824 in unemployment and deferred compensation benefits. Thus, his trade or business as an employee of MSH continued until December 15, 1983, and, therefore, his expenses to the Army Reserve unit at Parma during this period were deductible as transportation expenses. Section 162(a) allows the deduction of all ordinary and necessary expenses incurred in carrying on a trade or business. The performance of services as an employee constitutes a trade or business distinct from that of the employer. Primuth v. Commissioner,54 T.C. 374 (1970). If the taxpayer has several businesses or jobs, the cost of the transportation from one job or business location to another is deductible as an ordinary and necessary business *93 expense. Steinhort v. Commissioner,335 F.2d 496, 504 (5th Cir. 1964), affg. a Memorandum Opinion of this Court; Kistler v. Commissioner,40 T.C. 657, 665 (1963). Petitioner was laid off from his job at MSH on January 8, 1983. Following the layoff and for the remainder of 1983, petitioner's only employment was with the Army Reserve unit at Parma. As such, notwithstanding petitioner's contentions, he was not actively engaged in a trade or business as an employee of MSH at Massillon during the period of his layoff. Accordingly, petitioner did not incur transportation expenses in going from one job to another job. Rather, his expenses were from his home, at Massillon, to his place of business, at Parma. It has long been held that expenses incurred in commuting between one's home and place of business are personal and are not deductible. Commissioner v. Flowers,326 U.S. 465, 473-474 (1946); Heuer v. Commissioner,32 T.C. 947, 951-952 (1959), affd. 283 F.2d 865 (5th Cir. 1960); section 1.262-1(b)(5), Income Tax Regs.
*94 A rule has emerged, however, to allow deduction of expenses from a taxpayer's home to his job, under section 162(a), if the expenses are ordinary and necessary and are incurred in carrying on a trade or business. Pursuant to Revenue Ruling 190, 1953-2 C.B. 303, respondent has allowed the deduction of transportation expenses of an employee if the expenses are to a temporary, as opposed to an indefinite or permanent, job beyond the general metropolitan area of the taxpayer's tax home. [3]
*95 Petitioner argued that his job at Parma became temporary when, on June 23, 1983, he applied for the full-time active duty position with the Army Reserve at Ft. Bragg, informed the Parma Army Reserve unit he would leave if offered the active duty position, and in fact left on December 14, 1983, to accept the full-time position. Where a taxpayer with a principal place of employment goes elsewhere to take temporary employment, travel expenses, including meals and lodging, at the temporary employment are deductible. Tucker v. Commissioner,55 T.C. 783, 786 (1971). Petitioner had served in the Army Reserve approximately 17 years with approximately four of these years at Parma. It is evident that petitioner would have remained at Parma indefinitely but for his expressed intention to leave. His employer, the Army Reserve, never gave notice to petitioner that his employment at Parma would terminate. The fact that petitioner informed his Army Reserve unit that he would leave the unit if he was offered the full-time position at Ft. Bragg merely points to the nonpermanent nature of petitioner's employment but does not establish that his employment at Parma was temporary. *96 McCallister v. Commissioner,70 T.C. 505, 510 (1978). Petitioner's employment at Parma, therefore, was not temporary and his expenses were not deductible under Revenue Ruling 190. Accordingly, respondent's determination is sustained. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The adjustments for sales tax and unemployment compensation are computational adjustments which will be determined by the resolution of the contested issue.↩
3. Such a rule deviates from Turner v. Commissioner,56 T.C. 27, 33 (1971), vacated and remanded on respondent's motion in an unpublished order (2d Cir., Mar. 21, 1972), where this Court stated: "Commuting is commuting, regardless of the nature of the work engaged in, the distance traveled or the mode of transportation used" and disallowed the deduction of transportation expenses of an employee from his residence to a distant temporary job. However, this Court has since decided cases where the issue has been framed in terms of the test of Rev. Rul. 190, 1953-2 C.B. 303. Norwood v. Commissioner,66 T.C. 467 (1976); McCallister v. Commissioner,70 T.C. 505↩ (1978).