Taxes; Court of Claims jurisdiction; review of Tax Court decisions; collateral estoppel. — On June 25, 1976 the court entered the following order:
Before CoweN, Chief Judge, SheltoN and Kasi-iiwa,. Judges.
“This case comes to us on defendant’s motion for partial summary judgment with respect to plaintiff’s claim for refund of tax for 1961 and his claim for general and punitive damages. Plaintiff’s 1964, 1965, and 1966 federal income tax liabilities were litigated in proceedings before the United States Tax Court and were decided by memorandum opinion on November 25, 19.70. The Tax Court ruled that plaintiff' sustained a loss in 1964. As a result, the amount of the net-operating loss carry-back to 1961 was computed. Plaintiff received a refund of $657.05> in tax and $338.92 in interest for 1961. The Ninth Circuit affirmed the Tax Court and certio-rari was denied.
*727 “Plaintiff claims a higher loss in 1964 resulting in a greater-refund for 1961. Plaintiff claims that the decision of the Tax Court is incorrect 'and that the computations for entry of judgment were fraudulent. This court does not have jurisdiction to review the Tax Court decision. Internal Revenue Code of 1954, § 7482(a). That decision went up for review through the appropriate lines of review. Plaintiff has raised no issue as to 1964 not presented and decided in the prior case. He is collaterally estopped from relitigating the amount of his 1964 net operating loss. Commissioner v. Sunnen, 333 U.S. 591 (1948).
“The claims for general and punitive damages 'are claims sounding in tort over which this court has no jurisdiction. Myers v. United States, 206 Ct. Cl. 863 (1975); Vincin v. United States, 199 Ct. Cl. 762, 765, 468 F. 2d 930, 932 (1972). Therefore,
“it is ordered that defendant’s motion for partial summary judgment is granted.”