EDWARD HARRIS, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harris v. Commissioner
Docket No. 7865-75.
United States Tax Court
T.C. Memo 1980-56; 1980 Tax Ct. Memo LEXIS 528; 39 T.C.M. (CCH) 1126; T.C.M. (RIA) 80056; February 28, 1980, Filed Edward Harris, pro se. Karl D. Zufelt, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in the Federal income tax of petitioner for the taxable year 1973 in the amount of $1,880. Due to a concession made by the respondent, [1] three issues remain for our decision: *530 (1) Whether, pursuant to section 212(3), Internal Revenue Code of 1954, [2] petitioner is entitled to deduct various claimed expenses which were incurred while contesting his income tax liability; (2) Whether any portion of the amounts paid by petitioner to the City of Los Angeles in order to extinguish his liability for a special assessment tax levied against his property is deductible under section 162, 163 or 164; and (3) Whether petitioner is entitled to deduct, under section 162(a), certain costs incurred in driving from his residence to various work locations. FINDINGS OF FACT Edward Harris, herein petitioner, resided in Van Nuys, California, at all times relevant to this controversy. Petitioner, using the cash method of accounting, timely filed a Federal income tax return for the taxable year 1973, during which he was unmarried, with the Internal Revenue Service Center,Los Angeles, California. Issue 1. Tax Litigation Expense
Petitioner has contested his tax liability in court several times over the past decade. These cases provide the factual *531 setting for a portion of petitioner's present claim. In 1968, petitioner filed a petition in the Tax Court requesting that we redetermine his income tax liabilities for the taxable years 1964, 1965 and 1966. On November 25, 1970, this Court rendered its opinion in that case. Harris v. Commissioner, T.C. Memo 1970-331. Petitioner appealed this decision and it was affirmed on August 3, 1972. Harris v. Commissioner, (9th Cir., Aug. 3, 1972, an unreported decision, 73-1 USTC par. 9205). Petitioner then petitioned the Supreme Court of the United States for a writ of certiorari, which was denied on March 25, 1973. Harris v. Commissioner, 410 U.S. 966 (1973). In 1969, petitioner commenced another suit in the Tax Court requesting that we redetermine his income tax liability for taxable year 1967. On May 5, 1975, this Court rendered its opinion in that case. Harris v. Commissioner,T.C. Memo 1975-125. Petitioner appealed this decision and it was affirmed without opinion on May 23, 1977. Harris v. Commissioner, 554 F.2d 1068 (9th Cir. 1977). No appeal was taken from that decision. In 1975, *532 petitioner attempted to collaterally attack the final decisions in the two Harris cases mentioned above by claiming a refund in the United States Court of Claims. The defendant, the United States of America, moved for summary judgment on the grounds that the Court of Claims had no jurisdiction to review Tax Court decisions. The motion was granted with regard to 1964, 1965 and 1966 in Harris v. United States,210 Ct. Cl. 726 (1976), and with regard to 1967 in Harris v. United States, (Ct. Cl; Mar. 17, 1978, in unreported decision, 78-1 USTC par. 9366, 41 AFTR 2d 78-941). Other than the present controversy, petitioner has initiated no other litigation concerning his Federal income tax liability which has resulted in a reported judicial decision. Petitioner is not a lawyer, nor is he in the trade or business of litigating tax controversies. On his Federal income tax return for 1973, petitioner deducted $8,000, explaining such deduction on his Federal income tax return with the broad designation "Expenses in Tax Court Cases." The Commissioner, in his statutory notice of deficiency, disallowed the deduction in its entirety for failure to substantiate *533 the claimed deduction. At trial, petitioner increased the amount claimed as a deduction for tax litigation expenses to $10,252, which expenses consisted of: Rent - residence
$ 2,400
Utilities - residence
600
Depreciation - residence furniture,
1,000
Transportation: Depreciation
$1,100
Insurance
300
Operating expenses
200
1,600
Printing
4,452
Transmittal charges
200
TOTAL CLAIMED TAX COURSE EXPENSES
$10,252
Petitioner owned two cars in 1973, one of which was used exclusively for his work. The other car was used for personal errands. Petitioner deducted all of the expenses of operating the latter vehicle which he incurred in 1973. The printing expense deducted by petitioner involved the printing required to contest the Commissioner's determination of petitioner's Federal income tax liability for 1964, 1965 and 1966. As stated above, petitioner contested that determination in the United States Tax Court, in the United States Court of Appeals for the Ninth Circuit, and in the Supreme Court of the United States. The number of pages printed in order to prosecute the litigation of that case in each of those three courts, and the *534 total number of pages allegedly printed, are reflected in the following table: U.S. Tax Court
1,216
U.S. Court of Appeals for the Ninth Circuit
2,812
Supreme Court of the United States
4,876
TOTAL PAGES PRINTED
8,904
Petitioner paid less than $5.0 per page for the printing of those 8,904 pages. Respondent denied that the expenses incurred for such printing are deductible in 1973. Isssue 2. Special Assessment Tax
In 1973 petitioner paid the Treasurer of the City of Los Angeles $22,35 in satisfaction of some portion of his liability for a special improvement bond. This bond was levied against all the property owners in the neighborhood where petitioner's property, a vacant lot held for rental purposes in Canoga Park, California, was located to pay for the paving of, and addition of street lights to, Vanowen Street, a street within the neighborhood but not necessarily contiguous to all the assessed properties. The liability for that street improvement bond was not assessed against all the properties within the taxing jurisdiction of the City of Los Angeles, but was assessed only against properties in the neighborhood surrounding Vanowen Street, those *535 properties having received the benefit of the improvement. Some portion of the $222.35 payment was attributable to interest accrued on the delinquent assessment. At trial, petitioner sought to deduct the interest portion of the $222.35 payment. Respondent denies that any of the $222.35 payment qualifies as a deductible expense. Issue 3. Commuting Expense
In 1973, petitioner was employed as a surveyor, working on ten separate projects in the Los Angeles area in that year. Petitioner traveled from his home in Van Nuys to the work site and returned home every day. Three of the work sites were situated in Orange County, California, while the rest were in Los Angeles County, California, where petitioner resides. As to the three work sites in Orange County, the round trip mileage from petitioner's home to each of those work sites, the number of days worked at each site, and the total miles driven to and from those sites during 1973, as calculated by petitioner, are set out below: Location
Miles *
Days Worked
Total
El Toro Marine Base
134
121
16,214
Costa Mesa
162
31
5,022
Fullerton
100
23
2,300
TOTAL MILES
23,536 [3] * Round Trip
*536 Petitioner also worked in these seven southern California localities during 1973: Monterey Park
Van Nuys
Long Beach
Torrance
Woodland Hills
Whittier
Rosemead
These latter seven locations are within petitioner's county of residence, Los Angeles County.All ten of these work sites are within the Los Angeles metropolitan area. Petitioner sought at trial to deduct his expenses of traveling to and from the El Toro, Fullerton, and Costa Mesa job sites. He calculated his deduction on the basis of 15 cents per mile for the first 15,000 miles and 10 cents per mile for the remaining 8,536 miles, producing a deduction of $3,103.60. [4] Respondent denies the deductibility of these expenses. ULTIMATE FINDING OF FACT The general area of petitioner's principal or regular place of employment in 1973 was the Los Angeles metropolitan area. OPINION Issue 1. Tax Litigation Expenses
Petitioner deducted, pursuant to either section 162(a) or section 212(3), various expenses of contesting *537 his tax liability in a variety of cases dealing with taxable years prior to 1973. Although petitioner claims that contesting his income tax liabilities has been his "occupation" for several years, it is clear that surveying, not contesting taxes, is petitioner's "trade or business" as that term is used in section 162(a). Legal expenses, in order to be deductible under section 162(a), must be connected with a trade or business. Wallace v. Commissioner, 56 T.C. 624 (1971). Only lawyers are in the trade or business of litigating. Thus, petitioner may not deduct his tax litigation-related expenses under section 162(a). Any such deduction is allowable to this taxpayer only under section 212(3). It is undisputed that expenses incurred in connection with the determination, collection, or refund of any tax are deductible under section 212(3). However, the burden of proof is on petitioner to bring himself within the ambit of the statute allowing such a deduction. Welch v. Helvering, 290 U.S. 111, 115 (1933). Furthermore, *538 no deduction is allowed for personal, living, or family expenses. Sec. 262. When tested against these standards, petitioner's claimed litigation expense deductions evaporate into thin air. Petitioner stated at trial that "the Internal Revenue Service prepares their case in probably a $50 million building. I think it would be unfair to expect me to sit on an orange crate under the street light to prepare my case." Based on that rationale, petitioner sought to characterize his household expenses, consisting of rent in the amount of $2,400, utilities expense in the amount of $600, and depreciation on petitioner's household furniture in the amount of $1,000, as either section 162(a) trade or business expenses or section 212(3) expenses paid or incurred in connection with the determination, collection or refund of his Federal income taxes. These items are clearly nondeductible personal expenses, especially in light of petitioner's presumptuous attempt to deduct all of his rent, utilities, and theoretical depreciation, instead of an allocable portion thereof. Petitioner has wholly failed to carry his burden of proof concerning these *539 expenses. Similary, petitioner attempts to fashion a deduction for all of the costs of operating his nonwork automobile during 1973, even though he admittedly used it at times for personal pursuits. Petitioner claims that he used his nonwork automobile to transport him to and from "several" tax litigation-related court sessions during 1973. However, he made no attempt either to show the extent of his use of the car for tax litigation-related purposes or to substantiate the expenses claimed. The Court is convinced that petitioner used this nonwork vehicle almost exclusively for personal pursuits unrelated to his tax litigation efforts. Therefore, we hold that petitioner's claimed tax litigation travel expenses, which he claimed consisted of $1,100 in depreciation, $300 in insurance cost, and $200 of operating expenses, along with the above-mentioned residence expenses, are not deductible. With regard to petitioner's claimed printing expense, the Court is sympathetic to petitioner's claim. Technically, petitioner is justified in attempting to deduct his cost of producing the voluminous paperwork required of one seeking a redetermination of one's tax liability. Such expenses *540 are clearly within the ambit of section 212(3). However, once again petitioner's failure to adequately make out his case is fatal to his claim deductibility of these expenses. To arrive at his section 212(3) deduction for printing expense, petitioner multiplied 8,904, the above-calculated number of pages printed in order to prosecute the litigation of his first tax controversy, by a printing cost of $.50 per page, thus arriving at a claimed deduction of $4,452. Petitioner asserted that, since the United States Tax Court charged him $.50 per page for copies requested from the Court, he was justified in calculating his deduction at $.50 per page. Petitioner admitted at trial that he did not pay $.50 per page, but did not produce any evidence reflecting his actual printing costs. Though his attempt to deduct $.50 per page based on what the Court charged him for copies of certain documents may appeal to one's egalitarian instincts, it is undisputed that he may long deduct those costs actually paid. Petitioner's failure to prove his actual costs of printing forces us to conclude that he has failed to carry the burden of proof on this issue, which burden is undeniably petitioner's *541 to bear. Welch v. Helvering, supra.This failure alone is effective to deny the sought deduction to petitioner. However, petitioner has further failed to prove the taxable year in which he paid for the printing here involved. Petitioner incorrectly reasons that all of the printing expenses incurred in the litigation of the three cases spawned by his first tax controversy should be deducted only in the taxable year in which the final decision concerning that controversy (in this case the Supreme Court's denial of the petition for a writ of certiorari) was entered. [5] This method, which resembles an inventorying of expenses, is not appropriate for a cash basis taxpayer such as petitioner. A cash basis taxpayer may deduct these kinds of expenses only in the year in which they were paid. *542 Sec. 1.461-1(a), Income Tax Regs. Thus, it is imperative that petitioner prove the taxable year in which he paid for the printing costs here in question. Petitioner presented no evidence to show that any of the claimed printing expenses were actually paid in 1973. Inasmuch as the Tax Court opinion in that controversy was filed on November 25, 1970, and the Ninth Circuit affirmed on August 3, 1972, none of the printing expenses incurred in those cases could have been paid for in 1973, the year here in issue. Though the Supreme Court did not deny petitioner's writ of certiorari until March 5, 1973, petitioner presented no evidence as to when the printing expenses attributable to that phase of the litigation were paid. This failure of proof, coupled with the previously discussed failure by petitioner to prove the amount of his actual printing costs, forces us to deny petitioner's deduction for tax litigation-related printing expenses in its entirety. Petitioner made no attempt to prove his entitlement to his claimed $200 deduction for transmittal expenses. The deduction is, therefore, denied. Issue 2. Special Assessment Tax
Petitioner seeks *543 to deduct some portions of a $222.35 payment made to the Treasurer of the City of Los Angeles in 1973 in satisfaction of some portion of his liability for a special improvement bond. Respondne contends, and petitioner concedes, that the special improvement bond was in the nature of an assessment for local benefits. As such, payments made by petitioner solely to extinguish his liability on such bond do not entitle him to a deduction for taxes paid under section 164 or section 1.164-4(a), Income Tax Regs.[6] However, petitioner correctly asserts that he may deduct any portion of the payment which is attributable to interest accrued on the bond indebtedness. Sec. 163 and sec. 1.164-4(b)(1), Income Tax Regs. Even so, petitione has presented no evidence to aid the Court in determining how much of the $222.35 payment was attributable to interests charges. Since the burden of such proof is on petitioner, such failure must result in the denial by this Court of a deduction for any portion of the $222.35 payment to the Treasurer of the City of Los Angeles. *544 Issue 3. Commuting Expense
Petitioner, a surveyor, seeks to deduct his expenses incurred traveling to 3 of the 10 work sites at which he was employed during 1973. The 7 job sites for which the costs were not deducted were within petitioner's county of residence (Los Angeles County), whereas the 3 job sites for which the costs were deducted were located in adjoining Orange County. Petitioner, relying on a 26-year-old Revenue Ruling, [7] contends that if he works on a temporary job beyond the general area of his principal or regular place of employment he may deduct the expenses of daily round-trip transportation between his residence and the work site under section 162(a). However, he presented no evidence to establish the location of the general area of his principal or regular place of employment. Respondent attacks petitioner's argument only by arguing that the work at the 3 job sites was not "temporary" and, therefore, did not fit within the criteria announced in the Revenue Ruling. Before deciding the issue as framed by the parties, the Court feels constrained to point out what it considers to be the law in this *545 area. In general, commuting expenses are not deductible because they are personal, nondeductible expenses. Commissioner v. Flowers, 326 U.S. 465 (1946). The Commissioner has flatly stated in his regulations that commuter's fares are not considered as business expenses and are not, therefore, deductible. Sec. 1.162-2(e), Income Tax Regs. However, in the case law one finds that the deduction for commuting expenses, which must come, if at all, under the "ordinary and necessary expenses" arm of section 162(a), has often been confused with and erroneously considered under the "traveling away from home expense" criteria announced in section 162(a)(2). Crowther v. Commissioner, 269 F.2d 292 (9th Cir. 1959); Wright v. Hartsell, 305 F.2d 221 (9th Cir. 1962). The two concepts are distinct and should be considered separately. The concepts discussed under section 162(a)(2) (travel expenses) are inapposite in a discussion of section 162(a), generally (computing expenses). In Turner v. Commissioner, 56 T.C. 27 (1971), *546 vacated and remanded on respondent's motion in an unpublished order,     F.2d     (2d Cir., Mar. 21, 1972), a case indistinguishable from this case, the Court points out the flaw in using traditional section 162(a) (2) criteria to decide section 162(a) commuting expense cases. It rightly points out that the concepts of "temporary" or "indefinite" employment bear on the issue of whether it is reasonable for a taxpayer to move his residence, or whether he may deduct duplicative living expenses incurred while away from home, under section 162(a)(2), emphasizing the fact that the temporary nature of a job cannot convert commuting expenses into ordinary and necessary business expenses. In Turner, supra, this Court's position on the deductibility of commuting expenses was emphatically stated. Such expenses, regardless of the distance traveled or the temporariness of the job, are not deductible. [8]
The Turner *547 decision has not been expressly or impliedly overruled in subsequent cases. However, th parties in subsequent controversies involving this issue have ignored the precedent of the Turner case, choosing rather to frame the issues in terms of the two-prong classical test announced in Rev. Rul. 190, supra. The parties having thus framed the issue, we have historically consented to decide such cases on that basis. Norwood v. Commissioner, 66 T.C. 467 (1976); McCallister v. Commissioner, 70 T.C. 505 (1978).
Thus, we come to the present situation where the parties, ignoring the Turner precedent, have again framed the issue in terms of whether the petitioner's employment at the 3 jobsites in question was "temporary," and in terms of whether those jobsites were beyond the general area of petitioner's principal or regular place of employment. We will follow the procedure established in two reported Tax Court decisions, Norwood v. Commissioner, supra, and McCallister v. Commissioner, supra, and decide the case before us in those terms. We need not decide whether the 3 jobs (El Toro *548 Marine Base, Costa Mesa and Fulleton) were temporary in nature because of our decision on the second prong of the two-prong classic test, i.e., whether the jobs were outside the general area of petitioner's principal or regular place of employment. [9]
We have found that all ten of petitioner's 1973 work sites are within the Los Angeles metropolitan area. Assuming arguendo, that petitioner's employment at the El Toro Marine Base, Costa Mesa, and Fullerton work sites was "temporary" in nature, he must, in order to obtain the sought deduction, prove that these three work sites were outside of the general area of his principal or regular place of employment. If the general area of petitioner's principal or regular place of employment includes all of the Los Angeles metropolitan area, then petitioner must be denied this deduction. Petitioner failed to directly address the task of defining the boundaries of the general area of his principal or regular place of employment. *549 He tangentially touches on this critical issue by pointing out that the 3 work sites at issue are not within his county of residence, thereby intimating, we presume, that the boundary lines of his county of residence are the outer limits of the general area of his principal or regular place of employment. If such is petitioner's intimation, he is mistaken. The fortuitous location of a county line does not limit the general area of a taxpayer's principal or regular place of employment, especially in cases, such as the present one, where petitioner's work takes him all over a far-flung metropolitan area. As a surveyor living in the Los Angles metropolitan area, petitioner could expect to be employed anywhere within that general area. The crossing of a county line which bisects an otherwise integrated metropolitan area does not necessarily prove that petitioner has left the general area of his principal or regular place of employment. We hold that the general area of petitioner's principal or regular place of employment in 193 was the Los Angles metropolitan area. The Court therefore finds that all ten of petitioner's 1973 job sites were within the general area of petitioner's principal *550 or regular place of employment, and no deduction is allowed for petitioner's transportation expenses in 1973 under section 162(a) of the Code. Decision will be entered under Rule 155. Footnotes
1. In his briefs, the respondent has conceded that real property taxes in the amount of $803.34 were properly deducted by petitioner in his 1973 income tax return. Sec. 212(2), I.R.C. 1954↩.
2. All Code section references are to the Internal Revenue Code of 1954, as amended.↩
3. Petitioner, in his schedule presented at trial, erroneously totaled the last column to equal 23,537.↩
4. 15,000 X $.16 = $2,250.00 8,536 X $.10 = 853.60 $3,103.60↩
5. Petitioner did not attempt to prove that the printing expenses claimed were incurred in the litigation of either his second tax controversy, Harris v. Commissioner, T.C. Memo 1975-125, affd. without opinion, 554 F.2d 1068 (9th Cir. 1977), or his third tax controversy, Harris v. United States, 210 Ct. Cl. 726↩ (1975).
6. Sec. 1.164-4. Taxes for local benefit. (a) So-called taxes for local benefits referred to in paragraph (g) of § 1.164-2 more properly assessments, paid for local benefits such as street, sidewalks, and other like improvements, imposed because of and measured by some benefit inuring directly to the property against which the assessment is levied are not deductible as taxes. A tax is considered assessed against local benefits when the property subject to the tax is limited to property benefited. Special assessments are not deductible, even though an incidental benefit may inure to the public welfare. The real property taxes deductible are those levied for the general public welfare by the proper taxing authorities at a like rate against all property in the territory over which such authorities have jurisdiction. * * *↩
7. Rev. Rul. 190, 1953-2 C.B. 303↩.
8. Accord, Smith v. Warren, 388 F.2d 671 (9th Cir. 1968); Sanders v. Commissioner, 52 T.C. 964, 971 (1969), affd. 439 F.2d 296 (9th Cir. 1971), cert. denied 404 U.S. 864↩ (1971).
9. A discussion of the location of petitioner's "tax home" would not be here relevant, inasmuch as that determination must be made only in the context of section 162(a)(2) "away from home" travel deductions.↩