JOHN AND HELEN V. VAN HASSENT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Van Hassent v. Commissioner
Docket No. 36597-87
United States Tax Court
T.C. Memo 1990-585; 1990 Tax Ct. Memo LEXIS 660; 60 T.C.M. (CCH) 1244; T.C.M. (RIA) 90585; November 14, 1990, Filed *660 Decision will be entered under Rule 155. John Van Hassent, pro se. Kevin Murphy, for the respondent. WRIGHT, Judge. WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined deficiencies in *661 petitioners' Federal income taxes of $ 2,765 for the taxable year 1984, and $ 939 for the taxable year 1985. The issues for decision are: (1) whether certain expenses deducted by petitioners were incurred while petitioner husband was "away from home" within the meaning of section 162(a)(2), [1] which in turn depends upon whether petitioner husband's employment in Oswego, New York, in 1984 and 1985 was temporary or indefinite; (2) whether expenses paid by petitioners as nonsalaried officers/shareholders, in connection with activities performed on behalf of the corporation are deductible under section 162(a) or section 212(2); and (3) whether automobile mileage expenses deducted by petitioner husband in 1985 for travel between Campbell and Elmira, New York, are nondeductible commuting expenses. *662 FINDINGS OF FACT Some of the facts of this case have been stipulated and are so found. The stipulation of facts and accompanying exhibits are incorporated herein by this reference. Petitioners John and Helen Van Hassent resided in Campbell, New York, at the time they filed their petition. They filed joint Federal income tax returns for taxable years 1984 and 1985 with the Internal Revenue Service Center, Andover, Massachussets. John Van Hassent is herein referred to singularly as petitioner, and he and Helen Van Hassent as petitioners. Petitioner, a pipefitter by trade, is a member of Local No. 109 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States (The Union), which is currently part of Local No. 267 in Syracuse, New York. Petitioners resided in Campbell, New York, for approximately 30 years. In September 1983, petitioner was unable to locate work as a pipefitter in the vicinity of his home in Campbell. Due to the scarcity of work for pipefitters in his locale, petitioner accepted an assignment by his Union agent to work for Multicraft, Inc. (Multicraft), at the Nine Mile Point Power Project (Nine Mile *663 Point) near Oswego, New York. From September 1983 through January 1985, petitioner worked at Nine Mile Point on several short-term assignments that were supervised by six different Multicraft foremen. The length of each assignment ranged from 2 to 12 weeks. Towards the end of each assignment, petitioner could attempt to procure work by contacting his Union agent who would enter his name on a waiting list. Petitioner, however, bypassed the waiting list procedure as he realized that it could be days, weeks, or months before his name would rise to the beginning of the list. Through his experience as a tradesman, petitioner had discovered that the most effective method for obtaining work assignments at a project site involved making his expertise and availability known to various foremen. As petitioner's initial work assignment neared completion, he developed a working relationship with a Multicraft foreman named Don "Wingnut" Turner (Turner). As a foreman, Turner received building instructions from Multicraft engineers. Turner often had difficulty understanding the engineers' requests until he discovered that petitioner was knowledgeable in this area. After learning of petitioner's *664 expertise, Turner invited petitioner to attend meetings between Turner and the engineers. After a meeting, petitioner explained the engineers' instructions in a manner that Turner could understand. Accordingly, Turner gained confidence in petitioner's ability and often informed petitioner of potential work assignments available with other foremen. As each assignment neared its completion, petitioner would initiate contact with various foremen in an attempt to obtain another work assignment at Nine Mile Point. During 1984, petitioner obtained six additional work assignments following the termination of his initial assignment. Between each work assignment a break in service often occurred which lasted anywhere from a day to two weeks. At one point, petitioner was stopped at the gate of the Nine Mile Point worksite because absolutely no work was available. From the beginning of 1984 through the first week of 1985, petitioner utilized the foreman contact method of seeking jobs rather than being laid off after each assignment and waiting to be assigned work by the Union. Petitioner continued to work on short-term assignments at Nine Mile Point until he returned home in January 1985. *665 At this time, petitioner's final assignment at Nine Mile Point was nearly complete and his Union agent located a demand for pipefitters in Elmira, New York, only 35 miles from petitioner's home in Campbell. From January to July 1985, petitioner worked as a pipefitter at St. Joseph's Hospital in Elmira. On his 1985 Federal income tax return, petitioner deducted, as a portion of his employee business expenses, mileage incurred in driving to and from his job in Elmira. Elmira is in the same metropolitan area as petitioner's home in Campbell, New York. Petitioners also claimed employee business expenses on their 1984 and 1985 Federal income tax returns for expenses paid in connection with activities they performed for Campbell Campground, Inc. (Campbell Campground). Petitioners own 50 percent of the stock of Campbell Campground, a corporation that operates a recreational vehicle facility in Campbell, New York. Petitioner's brother-in-law owns the remaining 50 percent of the Campbell Campground stock. Petitioners incorporated Campbell Campground in June 1972. At this time, the corporation borrowed $ 40,000 from a local bank and petitioner lent the corporation $ 10,000. Later *666 in 1972, petitioner and his brother-in-law provided the corporation with an additional $ 22,000 loan. Between 1972 and 1985, Campbell Campground paid off the $ 40,000 loan from the bank and a substantial portion of the loans from the shareholders. From 1972 through the taxable years in issue, petitioners constructed and maintained 111 campsites, a pool, dance hall, laundry room, general store, and a recreational hall, at the campground. As shareholders protecting their investment, petitioners paid various expenses in connection with operating the campground. These expenses included travel, purchasing supplies, promotional activities, hiring of employees, and complying with State regulations. Petitioners deducted such expenses as employee business expenses on Form 2106 of their 1984 and 1985 joint Federal income tax returns. For the years in issue, petitioners did not receive a salary from the corporation. Petitioners were primarily concerned with protecting their investment and the repayment of shareholder loans. OPINION 1. Travel Expenses
Personal living expenses are ordinarily *667 nondeductible. Sec. 262. However, section 162(a)(2) allows a taxpayer to deduct ordinary and necessary travel expenses (including meals and lodging) paid or incurred while "away from home" in pursuit of a trade or business. Commissioner v. Flowers, 326 U.S. 465, 470 (1946). Generally, a taxpayer's "home," as used in section 162(a)(2), "means the vicinity of the taxpayer's principal place of employment and not where his or her personal residence is located." Mitchell v. Commissioner, 74 T.C. 578, 581 (1980); Kroll v. Commissioner, 49 T.C. 557, 561-562 (1968). An exception to this rule may occur where a taxpayer with a well established tax home accepts temporary employment as opposed to indefinite employment elsewhere. Peurifoy v. Commissioner, 358 U.S. 59, 60 (1958). If a taxpayer's employment is considered temporary, the taxpayer's personal residence may be his "tax home," which in turn may allow the taxpayer to deduct travel *668 expenses paid or incurred while "away from home." In Kroll v. Commissioner, supra at 562, we analyzed the purpose of section 162(a)(2) and the "away from home" principle, and stated that the purpose of the "away from home" provision is "to mitigate the burden of the taxpayer who, because of the exigencies of his trade or business, must maintain two places of abode and thereby incur additional and duplicate living expenses." Respondent maintains that petitioner's employment at Nine Mile Point between September 1983 and the first week in January 1985 was indefinite rather than temporary. Respondent asserts that petitioner was uncertain as to when his work assignment with Multicraft would terminate, thereby making petitioner's employment indefinite. Petitioner argues that his employment was temporary since each assignment was of short duration (2 to 12 weeks). Petitioner contends that for such short-term employment it would be unreasonable to expect him and his wife to move their principal residence from Campbell, where they have resided for many years, and own and operate *669 a campground. Whether an employee's employment is "temporary" or "indefinite" is a question of fact which must be decided on the facts and circumstances of a particular case. Peurifoy v. Commissioner, supra at 61; Six v. United States, 450 F.2d 66, 69-70 (2d Cir. 1971). Respondent's determinations are presumed correct. Petitioner has the burden of proving he is entitled to the travel, meals, and lodging expense paid or incurred while away from home. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a). When a taxpayer with a well-established tax home accepts employment away from his home, his living expenses are deductible if such employment is temporary or of short duration because it would not be reasonable to expect him to move his home under such circumstances. Commissioner v. Peurifoy, 254 F.2d 483, 486-487 (4th Cir. 1957), affd. per curiam 358 U.S. 59 (1958); Six v. United States, supra; *670 Tucker v. Commissioner, 55 T.C. 783, 786 (1971). However, if the taxpayer incurs traveling expenses for a period expected to be indefinite, his expenses are not deductible; in that event, the law considers that he should move his home to the new place of employment and that his traveling from his former home is not required by his business but by his personal choice to continue to live there. Commissioner v. Flowers, supra.
Employment is temporary if its termination can be foreseen within a fixed or reasonably short period of time. Mitchell v. Commissioner, 74 T.C. 578, 581 (1980); Stricker v. Commissioner, 54 T.C. 355, 361 (1970), affd. per curiam 438 F.2d 1216 (6th Cir. 1971). Employment which merely lacks permanence is indefinite unless termination is foreseeable within a short period of time. Norwood v. Commissioner, 66 T.C. 467, 470 (1976); Kroll v. Commissioner, supra at 562. In addition to the expected length of employment, all the facts and circumstances *671 must be considered in deciding whether petitioner should be expected to move his home from Campbell, New York, to the vicinity of his employment at Nine Mile Point. Tucker v. Commissioner, supra at 786. In this case, petitioner was employed in a series of temporary work assignments. His initial assignment at Nine Mile Point in 1983 lasted between 6 and 12 weeks. Following this assignment, petitioner obtained 6 additional short-term assignments until he returned to work near his Campbell residence after the first week of January 1985. Petitioner's assignments were all of short duration, averaging 4 to 6 weeks, and were often separated by a break in service. At one point, the work stoppage was so severe that petitioner was not allowed to enter the worksite gate. In addition, there was no concerted plan on the part of Multicraft to continue the services of petitioner for an indefinite period of time. Instead, petitioner remained in the employ of Multicraft by selling his expertise and initiative to individual Multicraft foremen who needed petitioner's specialized skills on various short-term assignments. Under the particular circumstances of this case, *672 it would be unreasonable to expect petitioner to move his residence to the vicinity of his employment when the termination of his work assignment was foreseeable within a short period of time. Respondent contends that petitioner's employment was indefinite rather than temporary because petitioner voluntarily left his final assignment after the first week in January 1985, and therefore had prospects of continued employment. Respondent fails to acknowledge that the assignment was nearly completed and layoffs were anticipated. Moreover, petitioner's Union agent located pipefitter work near petitioner's residence and Campbell Campground. Thus, we find that petitioner's series of short-term work assignments for Multicraft in 1984 and 1985 constituted temporary rather than indefinite employment. 2. Employee Business Expenses-Campbell Campground, Inc.
Petitioners owned 50 percent of the Campbell Campground stock and were officers of the corporation. On their 1984 and 1985 Federal income tax returns, petitioners deducted expenses paid on behalf of Campbell Campground, claiming they were employee business expenses. Petitioners maintain that such expenses were deductible as ordinary *673 and necessary expenses under section 162(a) or as expenses paid for the management of property held for the production of income under section 212(2). Respondent contends that expenses incurred on behalf of the corporation are deductible on the corporate Federal income tax return and not petitioners' individual income tax return because petitioners were not engaged in the trade or business of being employees. Petitioners were not paid a salary during the taxable years 1984 and 1985. An officer or employee who serves without compensation is not engaged in a trade or business. Hirsch v. Commissioner, 315 F.2d 731, 737 (9th Cir. 1963), affg. a Memorandum Opinion of this Court; Low v. Nunan, 154 F.2d 261, 264 (2d Cir. 1946), affg. a Memorandum Opinion of this Court; Snarski v. Commissioner, T.C. Memo. 1981-328. Petitioners testified that the expenses paid were necessary operating expenses of carrying on the business of the corporation. Furthermore, during the years at issue, there is no question but that Campbell Campground was a corporation *674 engaged in substantial business activities whose existence cannot be disregarded. See Moline Properties, Inc. v. Commissioner, 319 U.S. 436, 438-439 (1943); Rink v. Commissioner, 51 T.C. 746, 752 (1969). A corporation is treated as a separate entity from its shareholders for tax purposes. Moline Properties, Inc. v. Commissioner, supra.In order to be deductible, business expenses generally must be the expenses of the taxpayer claiming the deduction. Hewett v. Commissioner, 47 T.C. 483, 488 (1967). It is also well established that a shareholder is not entitled to a deduction from his individual income for his payment of corporate expenses. Deputy v. du Pont, 308 U.S. 488, 494 (1940); Rink v. Commissioner, supra at 751. Such payments constitute either capital contributions or loans to the corporation and are deductible, if at all, only by the corporation. Deputy v. du Pont, supra; Rink v. Commissioner, supra.
If petitioners paid *675 corporate expenses in the ordinary and necessary course of some trade or business of their own, a deduction would be permitted. Betson v. Commissioner, 802 F.2d 365, 368 (9th Cir. 1986), affg. in part and revg. in part a Memorandum Opinion of this Court. However, in this case, petitioners admit they paid operating expenses of the corporation to protect their financial interests in the corporation. Expenses must relate to the activities of an officer or employee rather than the mere protection of their financial interests in the corporation. Betson v. Commissioner, supra; Snarski v. Commissioner, supra.Accordingly, on the facts of this case, it is impermissible to shift what would be a legitimate corporate expense to petitioner. Therefore, no deduction is allowed under section 162(a) for the corporate operating expenses paid by petitioners. Substantially the same rationale which has caused us to deny the deduction under section 162(a) is equally applicable to petitioners' section 212(2) claim. Low v. Nunan, supra; *676 Van Fossan v. Commissioner, T.C. Memo. 1983-703. Petitioners' expenses were incurred in the course of carrying on activities which were directly related to the production of income to the corporation and the management of the corporation's property and affairs rather than to the production of income to petitioners and the management of their income-producing property. Deputy v. du Pont, supra; Van Fossan v. Commissioner, supra.Therefore, petitioners are not entitled to a deduction pursuant to section 162(a) or 212(2) for expenses they paid on behalf of Campbell Campground. 3. Commuting Expenses
On his 1985 Federal income tax return, petitioner deducted as a portion of his employee business expenses, mileage expenses incurred in driving from his Campbell residence to his job in Elmira, New York. Elmira is in the same metropolitan area as petitioner's residence. Commuting to and from work in the same metropolitan area is a nondeductible personal expense. Sec. 262; Turner v. Commissioner, 56 T.C. 27 (1971). *677 Moreover, petitioner did not present any evidence to support his 1985 deduction for mileage expenses incurred between his residence and the Elmira worksite. Accordingly, petitioner is not entitled to a deduction for his 1985 commuting expenses. Decision will be entered under Rule 155. Footnotes
1. Except as otherwise noted, all section references are to the Internal Revenue Code, as amended and in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩